

Accordingly, while we agree with the district court that O.R.C. § 2305.11[1] is the most nearly analogous statute of limitations, we conclude that the dismissal of plaintiff's amended complaint on that basis without an evidentiary hearing or appropriate factual finding was inappropriate in the face of the claim that the statute was tolled by O.R.C. § 2305.16.

Reversed and remanded for further proceedings not inconsistent herewith.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., William Wachter, Mary Schuette, Washington, D. C., for petitioner.

Gregory Thornton, Albert Dolata, John B. Jaske, Rochester, N. Y., for respondent.

## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## FEDERATED PUBLICATIONS, INC., d/b/a the Enquirer and News, Respondent.

### No. 76–1300.

United States Court of Appeals, Sixth Circuit.

May 9, 1977.

### ORDER

Before WEICK and EDWARDS and CELEBREZZE, Circuit Judges.

This matter is before the Court upon the petition of the National Labor Relations Board to enforce its order finding respondent guilty of violation of Section 8(a)(1) and 8(a)(5) of the National Labor Relations Act. The Board's Decision and Order, issued on June 27, 1975, is reported at 221 NLRB No. 128. We are satisfied that the Order of the Board is supported by substantial evidence on the record.

NOW, THEREFORE, IT IS ORDERED that the Order of the Board be, and it hereby is enforced. Judge Weick would deny enforcement.

---

1. O.R.C. § 2305.11 provides in part:

(A) An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician or a hospital, or upon a statute for a penalty or forfeiture, shall be brought within one year after the cause thereof accrued, provided that an action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, shall be brought within two years after the cause thereof accrued.

If a written notice, prior to the expiration of time contained in this division, is given to any person in a medical malpractice case that an individual is presently considering bringing an action against that person relating to professional services provided to that individual, then an action by that individual against that person may be commenced at any time within one hundred eighty days after that notice is given.